The opinion of the Court was delivered hy
Fenner, J.
On May 31, 1881, the plaintiffs applied for, and obtained a writ of injunction against the defendants, under an order requiring plaintiffs to furnish bond with security as therein directed. The bond was filed, and the writ of injunction was issued and served.
Subsequently, in November, 1881, upon a petition to that effect filed by one of the defendants, without service on, or notice to the plaintiffs, tlie Judge a qiio entered, in open court, his order, u That the injunction against A. L. Gusman and J. W. Bates, sheriff, be, and is hereby revoked.”
From this order, on the following day and at the same term, plaintiffs applied, hy motion in open court, for a suspensive appeal. On refusal of tlie Judge to grant the same, plaintiffs applied to this Court for mandamus to compel him to grant the appeal, and this Court issued its peremptory writ to that effect, in obedience to which the present appeal is brought up.
We have no concern here with the grounds of tlie Judge’s action. Whatever they may have been, bo was wrong in revoking tlie order granting tlie injunction, without notice to, and hearing of, the parties in whose favor the samo had been granted. Martin vs. Thiery, 29 A. 362.
*392 It is, therefore, ordered, adjudged and decreed, that the order appealed from be avoided and annulled, and that the injunction be reinstated, to stand as if said order liad never been made, costs of this appeal to be paid by appellee.
Bermudez, C. J.
We have noticed with regret, that the brief filed in this case by Mr. Gusman, contains reprehensible, indecorous reflections and irregular charges on opposite complaining counsel, apparently calculated to asperse tlieir good name and reputation.
We would have ordered the return of the brief before this, but we thought it preferable to retain it while the case was under consideration.
Parties appearing in tlieir own behalf, as Mr. Gusman did in this instance, are, like advocates, required to plead their cases orally or in writing, with propriety and decency, and must not indulge in personal remarks against the parties or their counsel. C. P. 486.
Briefs of that description, cannot, after the determination of a controversy, be permitted to remain, as a piece of scandal, among the proceedings.
At the request of counsel, it is, therefore, ordered that the brief alluded to be taken from tbe files of this case, and returned to its author.